IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LAMAR LYNCH, )
 )
       Movant, )
 ) Case No. 09-mc-229-JWL
  v. )
 )
UNITED STATES DEPARTMENT )
OF HOUSING AND URBAN )
DEVELOPMENT, )
 )
       Respondent. )
_____)

## **MEMORANDUM AND ORDER**

This matter is before the Court on Movant Lamar Lynch's Motion to Challenge Government's Access to Financial Records (Doc. #1), which he filed on October 14, 2009, pursuant to the Right to Financial Privacy Act of 1978, 12 U.S.C. § 3410. On October 27, 2009, Respondent United States Department of Housing and Urban Development filed a Statement Regarding Movant Lamar Lynch's Customer Challenge (Doc. #3), in which Respondent stated that 12 U.S.C. § 3410(b) does not require a response unless ordered by this Court.

Under 12 U.S.C. § 3410(a), "a customer may file a motion to quash an administrative summons or judicial subpoena, or an application to enjoin a Government authority from obtaining financial records." § 3410(a). Subsection (a) further provides that the motion shall be accompanied by a sworn statement or affidavit:

> (1) stating that the applicant is a customer of the financial institution from which financial records pertaining to him have been sought; and

(2) stating the applicant's reasons for believing that the financial records sought are not relevant to the legitimate law enforcement inquiry stated by the Government authority in its notice, or that there has not been substantial compliance with the provisions of this chapter.

*Id.* If the customer satisfies the requirements of subsection (a), a court "shall order the Government authority to file a sworn response." *Id*. at § 3410(b).

The Court concludes that it does not have sufficient information to determine whether Movant has satisfied the requirements of subsection (a). Movant contends that the records sought by Respondent are not relevant to the legitimate law enforcement inquiry stated in Respondent's Customer Notice because "no fraud or other illegal acts were committed against the Section 8 program," and "all monies received from the program [were] for services rendered." Movant, however, has failed to share the information contained in the Customer Notice with the Court, and as a result, the Court has no knowledge of the nature of Respondent's law enforcement inquiry. Accordingly, the Court does not have sufficient evidence to evaluate the Motion.

IT IS THEREFORE ORDERED BY THE COURT THAT Movant supplement his motion by providing to the Court the Customer Notice by **November 16, 2009**.

IT IS SO ORDERED.

Dated this 6th day of November, 2009, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge