IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LAMAR LYNCH, | ) |
|        Movant, | ) |
| v. | ) Case No. 09-mc-229-JWL |
| UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, | ) |
|        Respondent. | ) |

## **MEMORANDUM AND ORDER**

On October 14, 2009, Movant Lamar Lynch filed a Motion to Challenge Government's Access to Financial Records (Doc. #1) and Sworn Statement for Filing a Challenge (Doc. #2), pursuant to the Right to Financial Privacy Act of 1978, 12 U.S.C. § 3410. On October 27, 2009, Respondent United States Department of Housing and Urban Development filed a Statement Regarding Movant Lamar Lynch's Customer Challenge (Doc. #3), stating that 12 U.S.C. § 3410(a) does not require a response unless ordered by this Court.

In a Memorandum and Order dated November 6, 2009 (Doc. #4), this Court concluded that it did not have sufficient information to determine whether Movant satisfied the requirements of § 3410(a), requiring the Court to order a response. The Court, therefore, ordered Movant to supplement his motion by providing the Court with the Respondent's Customer Notice indicating the law enforcement inquiry for which

Respondent requested Movant's financial records. Movant filed the Customer Notice (Doc. #5) with the Court on November 12, 2009.

Under 12 U.S.C. § 3410(a), "a customer may file a motion to quash an administrative summons or judicial subpoena, or an application to enjoin a Government authority from obtaining financial records." § 3410(a). Subsection (a) further provides that the motion shall be accompanied by a sworn statement or affidavit:

> (1) stating that the applicant is a customer of the financial institution from which financial records pertaining to him have been sought; and
> (2) stating the applicant's reasons for believing that the financial records sought are not relevant to the legitimate law enforcement inquiry stated by the Government authority in its notice, or that there has not been substantial compliance with the provisions of this chapter.

*Id.* If the customer satisfies the requirements of subsection (a), a court "shall order the Government authority to file a sworn response." *Id.* at § 3410(b). Under the Right to Financial Privacy Act, a customer's motion should be adjudicated only if it "presents a prima facie case of impropriety." *Davidov v. SEC*, 415 F. Supp. 2d 386, 391 (S.D.N.Y. 2006). Although the Act does not require "a detailed evidentiary showing," the customer must provide facts that support his motion. *Id*. For example, the customer "may state that to the best of his knowledge and belief he has no connection to the matters under investigation [or that] he has not committed an offense related to the matters under investigation." *Hancock v. Marshall*, 86 F.R.D. 209, 210 (D.D.C. 1980) (citing and quoting H.R. Rep. 95-1383, at 51 (1978), *as reprinted in* 1978 U.S.C.C.A.N. 9273, 9325-26.

The Court concludes that Movant has satisfied the requirements of § 3410(a). Respondent's Customer Notice requested Movant's financial records "to investigate receipt of funds and participation in the Section 8 Housing Voucher program." In his sworn statement, Movant stated that he is a customer of Bank of America, the financial institution from which Respondent requested his financial records. Movant further stated that the records sought are not relevant to Respondent's investigation because "no fraud or other illegal acts were committed against the Section 8 program," and "all monies received from the program [were] for services rendered." Accordingly, the Court concludes that Movant has satisfied the requirements of § 3410(a), and therefore, pursuant to § 3410(b), the Court shall order a response.

IT IS THEREFORE ORDERED BY THE COURT THAT Respondent file a sworn response to Movant's motion by **December 4, 2009**.

IT IS SO ORDERED.

Dated this 20th day of November, 2009, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
